## (December 11, 1973)

█ 300 WEST REALTY Co., Appellant, v. CITY OF NEW YORK, Respondent. — Order, Supreme Court, New York County, entered on August 9, 1973, unanimously modified, on the law, by granting partial summary judgment to the plaintiff-appellant in the sum of $5,601.23, and otherwise affirmed, without costs and without disbursements. The Clerk is directed to enter partial summary judgment in favor of plaintiff-appellant. Order of said

court entered on August 9, 1973, denying the motions for reargument or renewal, is unanimously dismissed as academic, without costs and without disbursements. This matter has been here before. The city attempted to foreclose on the plaintiff-appellant's real properties for failure to pay taxes. In fact, however, the taxes had already been paid when the proceeding was commenced, and the judgment of foreclosure was erroneous and accordingly was vacated. In the interim, fire occurred in one of the properties, and further the city allowed the properties to deteriorate and suffer numerous violations, and the plaintiff-appellant has no desire to accept their reassignment in such condition without substantial reparations and continues to resist receiving the properties as aforesaid. (*Matter of City of New York* v. *300 West Realty Co.*, 41 A D 2d 603, mot. for lv. to app. den. 31 N Y 2d 647.) The $5,601.23 represents the gross rents collected by the city during its control of the buildings, less expenses, and it is conceded that this sum should be paid to the plaintiff-appellant. While the plaintiff is vitally concerned that it not receive dilapidated, deteriorating premises without being put in the position of being able to make the necessary repairs, and with the possibility of being subject to criminal sanctions for violation of the Multiple Dwelling Law, it is obvious that the violations are not of its making and neither it nor its principals can be charged with the laxity and failure of the City of New York. ( Cf. *People* v. *Walker*, 14 N Y 2d 901. ) The matter of ownership being clear, there should be an immediate trial on the issue of the damages due to the plaintiff. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Steuer, JJ.